IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| MARCUS D. THOMAS, | ) Civil Action No. 3:04-2276-22BC |
| Plaintiff, | ) |
| vs. | ) |
| LAWRENCE JORDAN, POSTMASTER, USPS; MICHELLE MURPHY, SUPERVISOR, USPS; AND LYNN PINKNEY, EAP COUNSELOR, USPS, | ) ) ) ) ) **REPORT AND RECOMMENDATION** |
| Defendants. | ) |

Plaintiff, Marcus Thomas ("Thomas"), filed this action pro se on July 12, 2004.[1] Thomas is a former employee of the United States Postal Service ("USPS"). He entered into a Last Chance Agreement with USPS on November 17, 1998. This agreement included provisions concerning his work attendance and a requirement to attend an Employee Assistance Program ("EAP"). On February 1, 1999, Defendant Lynn Pinkney wrote a letter to John Fry, a Senior Labor Relations Specialist for USPS, in which she stated that Thomas did not attend scheduled EAP counseling appointments on December 31, 1998 and January 11, 1999. Thomas was terminated by USPS in approximately February 1999. He was terminated for allegedly violating the Last Chance Agreement because he had too many unscheduled absences and he failed to attend

---

[1]Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e) and (g). Because this is a dispositive motion, this report and recommendation is entered for review by the court.

two EAP meetings. See Attachment to Thomas September 20, 2004 Response (Copy of Disciplinary Action Request).

Defendants are Lawrence Jordan ("Jordan"), a Postmaster at USPS; Michelle Murphy ("Murphy"),Thomas' supervisor at USPS; and Lynn Pinkney, an EAP Counselor employed by Magellan Health Services, Inc. ("Magellan"). Magellan provides services to employers, including the USPS.

On September 2, 2004, Defendants Jordan and Murphy filed a motion to dismiss or in the alternative for summary judgment. Because Thomas is proceeding pro se, he was advised by the Court on September 7, 2004, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion to dismiss could result in the dismissal of his complaint. In response, Thomas filed documents including a letter from the Equal Employment Opportunity Commission, his Last Chance Agreement, a disciplinary action request, a letter from EAP completed by Pinkney, a signed statement from EAP Counselor Bonnie Holstein, absence forms, medical discharge instructions, certified mail receipts, and a list of potential witnesses. On October 13, 2004, Defendant Pinkney filed a motion to dismiss or, in the alternative, for summary judgment. A second Roseboro order was issued on December 30, 2004. In response, Thomas filed statements from various former and current USPS employees concerning leave policies and a statement from Bonnie Holstein. Defendants Jordan and Murphy filed a reply on January 27, 2005.

## STANDARD FOR MOTION TO DISMISS

In general, a motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Revene v. Charles County Comm'rs, 882 F.2d 870, 872. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130 (1993), cert. denied, American Home Products Corp. v. Mylan Labs., Inc., 510 U.S. 1197 (1994); see also Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994), cert. denied, 514 U.S. 1107 (1995). A pro se complaint must be read liberally, and such persons are not held to the strict pleading requirements otherwise required of attorneys. Estelle v. Gamble, 429 U.S. 97, 106-07 (1976); Haines v. Kerner, 404 U.S. 519 (1972). When, however, it appears to the court that the plaintiff has totally failed to state a claim which would entitle him to relief, a defendant is entitled to have its motion to dismiss granted. Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

Thomas appears to allege that Defendants wrongfully terminated him in violation of the Last Chance Agreement. He may also be attempting to allege a claim for negligent misrepresentation and/or fraud. Defendants Jordan and Murphy argue that their motion to dismiss should be granted because Thomas fails to identify a waiver of sovereign immunity and fails to provide a jurisdictional basis for his wrongful termination claim. Pinkney argues that she is entitled to summary judgment because any claims for negligent misrepresentation and/or fraud are

time barred as they are based on statements that occurred over five years ago. She also argues that any claim of wrongful termination against Pinkney is time barred, and Pinkney is not an appropriate defendant to a claim of wrongful termination because Thomas was not employed by Pinkney. Thomas has not addressed Defendants' arguments concerning subject matter jurisdiction, but instead appears to argue that the motions to dismiss should be denied because he has presented evidence he believes shows that he was terminated as a result of a mistake.

  1. <u>Wrongful Termination</u>

    Thomas appears to allege that he was wrongfully terminated. Defendants Jordan and Murphy argue that Thomas cannot bring a claim for wrongful termination because he fails to show that the United States waived sovereign immunity as to that claim and Thomas fails to identify a basis for jurisdiction for his claim. Pinkney argues that she is not a proper defendant for purposes of a wrongful termination claim as she is not Thomas' employer. She also argues that Thomas' wrongful termination claim is barred by the applicable statute of limitations and that this Court does not have jurisdiction over Thomas' claims.

  The United States is immune from suit unless it has consented to be sued. <u>United States v. Testan</u>, 424 U.S. 392, 399 (1976); <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941). Thomas may be attempting to assert a claim under the Federal Tort Claims Act ("FTCA"). The FTCA is a limited waiver of sovereign immunity whereby the United States government submits itself to be sued in limited situations for negligent acts by its employees, in which private individuals under similar circumstances would be liable under state law. 28 U.S.C. § 1346(b) and §§ 2671 <u>et</u> <u>seq.</u> A suit under the FTCA lies only against the United States, and a federal district

court lacks subject-matter jurisdiction over claims asserted against federal agencies or individual federal employees. See Myers and Myers, Inc. v. United States Postal Service, 527 F.2d 1252, 1256 (2d Cir. 1975). The provisions of the FTCA are to be strictly construed. United States v. Kubrick, 444 U.S. 111, 117-8 (1979)(FTCA waiver should not be extended or narrowed beyond that which Congress intended). Additionally, an administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the FTCA. See O'Rourke v. Eastern Air Lines, Inc., 730 F.2d 842, 855 (2d Cir. 1984), superannuated, in part, on unrelated grounds, Salve Regina College v. Russell, 499 U.S. 225 (1991). Thomas has not alleged a claim against the United States and has not asserted that he filed an administrative claim under the FTCA.

To the extent that Thomas is attempting to assert a claim under South Carolina law for wrongful termination, his claim is barred by the applicable three year statute of limitations. See S.C. Code Ann. § 15-3-530. Thomas filed this action more than five years after his termination. Further, Thomas cannot establish a wrongful termination claim against Pinkney because Pinkney does not work for the USPS and did not employ Thomas.[2] See Pinkney Aff., Para. 3 (Exh. A).

    2.    <u>Negligent Misrepresentation and Fraud Claims</u>

Thomas may be attempting to allege claims for negligent misrepresentation and/or fraud. Pinkney argues that these claims are barred by the applicable statute of limitations.

---

[2] The appropriate defendant in a claim for wrongful termination is a plaintiff's employer. See Causey v. Balag, 162 F.3d 795, 803 (4th Cir. 1998)(retaliatory discharge claim); Siraj v. Hermitage, 51 Fed. Appx. 102, 108 (4th Cir. 2002)(to prove a prima facie case of retaliatory, a plaintiff must show that "her employer" took an adverse employment action against her).

Any claims for negligent misrepresentation and/or fraud are barred by the applicable statute of limitations. Under South Carolina law, the statute of limitations for negligent misrepresentation and fraud is three years. S.C. Code Ann. § 15-3-530. Thomas claims that Pinkney's alleged misstatements led to the termination of his employment on or about February 22, 1999. He, however, did not file this action until July 3, 2004, over five years after the alleged acts.

## CONCLUSION

Based on review of the record, it is recommended that the motion to dismiss of Defendants Jordan and Murphy (Doc. 8) be granted and that Defendant Pinkney's motion to dismiss (Doc. 12) be granted.

      Respectfully submitted,

      s/Joseph R. McCrorey
      United States Magistrate Judge

March 25, 2005
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201